UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARONDA BROWN,

    Plaintiff,

        v.                                       Civil Action No. 19-3340 (JEB)

HOWARD UNIV. HOSPITAL, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

       Plaintiff Sharonda Brown brought this action to contest her termination from the position of Director of Nursing for Emergency and Trauma Services at Howard University Hospital. She has sued both Howard and Paladin Healthcare Management, LLC, which the hospital hired to manage the Emergency Department. Asserting that she was fired for raising questions about allegedly fraudulent and improper billing practices, Brown's First Amended Complaint set forth three counts: two for retaliation in violation of both the federal and District of Columbia False Claims Acts and a third for wrongful termination in violation of public policy. For procedural reasons that the Court describes in detail below, the only issue now ripe for decision is whether the third count can survive a motion to dismiss. Because Defendants correctly point out that the public-policy exception to the employment-at-will doctrine does not apply where that policy is already protected by another statute — here, both FCAs — the Court agrees that this third claim cannot stand.

**I.    Background**

       Given that the legal issue teed up here is fairly narrow, the Court provides an abbreviated factual summary. According to Plaintiff's First Amended Complaint, which must be presumed

1

true for purposes of this Motion, Howard is a non-profit hospital located in our city, and it contracted with Paladin to manage its Emergency Department. See ECF No. 5 (Am. Compl.), ¶¶ 2, 3. The hospital's Chief Nursing Officer, Gloria Gammage, was a Paladin employee who supervised Brown and had the power to fire her. Id., ¶¶ 11, 12, 20. Brown's employment began in September 2015, and in March 2016, she informed Gammage that the hospital was improperly billing Medicare for expenses related to certain Emergency Department patients. Id., ¶¶ 16, 26–28. She also explained this to a D.C. Department of Health official. Id., ¶¶ 30–33. In addition, Plaintiff believed that financial fraud was occurring in relation to other hospital services, which she also brought to Gammage's attention. Id., ¶¶ 54, 63, 66. After a patient death threatened to expose these allegedly improper practices, Gammage fired Brown in November 2016. Id., ¶¶ 94, 97–99.

In her First Amended Complaint, Plaintiff articulated the following counts: I) Retaliation in violation of the District of Columbia False Claims Act, D.C. Code § 2-381.02; II) Retaliation in violation of the federal False Claims Act, 31 U.S.C. § 3730 (h)(1); III) Retaliatory Wrongful Discharge in Violation of Public Policy. Paladin moved to dismiss only the third count, contending that Brown could not satisfy the public-policy exception to the at-will employment doctrine. See ECF No. 24 (Paladin MTD). Howard separately moved to dismiss the third count on that ground, but also contended that the first two counts had not sufficiently established its involvement in the termination. See ECF No. 23 (Howard MTD). Plaintiff then moved to amend her Complaint a second time, seeking to bolster Howard's role with additional factual allegations. See ECF No. 30 (Pl. Motion to Amend). Howard thereupon withdrew its challenge to amended Counts I–II, but it and Paladin both oppose amendment to the extent the new Complaint retains Count III essentially unchanged. See ECF Nos. 33 (Paladin MTD Reply); 35

(Howard Opp. to Motion to Amend). As a result, while the Court will permit amendment of the first two counts, it must determine whether Count III of the proposed Second Amended Complaint can proceed.

## II.     Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, she must seek consent from the defendant or leave from the court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Under Rule 15, furthermore, "the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the amendment is facially infirm, courts need not grant leave. In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010). "[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." Id. (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085,

1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

Under the motion-to-dismiss standard, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (citation omitted), and she must thus be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "'recovery is very remote and unlikely,'" moreover, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (citing Rhodes, 416 U.S. at 236).

### III.   Analysis

Plaintiff's claim here is that Gammage improperly sacked her. When an employee's contract does not provide for a specific term of service, she is typically an at-will employee, which means that she may be fired at any point. Adams v. George W. Cochran & Co., Inc., 597 A.2d 28, 30 (D.C. 1991) (general law "in the District of Columbia [is] that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all") (citations omitted). Although Brown never specifically concedes her at-will status, her third count for wrongful discharge (as opposed to breach of contract) assumes as much. See Am. Compl., ¶ 142. In any event, such status is not necessarily fatal to a wrongful-termination suit, as this Court explained in a similar case:

> In Adams, the D.C. Court of Appeals held that "there is a very narrow exception to the at-will doctrine under which a discharged at-will employee may sue his or her former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation." Id. at 34.
>
> The DCCA then expanded this exception six years later in its *en banc* decision in Carl v. Children's Hospital, 702 A.2d 159 (D.C. 1997). The plaintiff in Carl was a nurse who was terminated after she testified in the City Council against the hospital's interests and also as an expert witness for plaintiffs in malpractice cases. Id. at 160. The majority of the DCCA — as constituted by those joining Judge Terry's concurrence and Judge Steadman's dissent — held that Adams's exception was not the only possible one, but that "the recognition of any such [future public-policy] exception must be firmly anchored either in the Constitution or in a statute or regulation which clearly reflects the particular 'public policy' being relied upon." Id. at 162 (Terry, J., concurring). In addition, "[t]his court should consider seriously only those arguments that reflect a clear mandate of public policy — *i.e.,* those that make a clear showing, based on some identifiable policy that has been 'officially declared' in a statute or municipal regulation, or in the Constitution, that a new exception is needed. Furthermore, there must be a close fit between the policy thus declared and the conduct at issue in the allegedly

> wrongful termination." Id. at 164 (Terry, J., concurring) (footnotes omitted).

Robinson v. Securitas Servs., Inc., 819 F. Supp. 2d 18, 20 (D.D.C. 2011).

Brown here appears to fit under the public-policy umbrella inasmuch as she alleges that her termination constituted retaliation for raising issues about fraudulent and improper billing practices. Yet, as Defendants note, a plaintiff asserting wrongful discharge must not only plead a "clear mandate of public policy," but must also show that this policy is not already protected by another statute. See LeFande v. Dist. of Columbia, 864 F. Supp. 2d 44, 50 (D.D.C. 2012) ("Even where there is a showing of a clearly identifiable policy, the D.C. Court of Appeals has refused to find new exceptions to the doctrine of at-will employment where the legislature has already 'creat[ed] a specific, statutory cause of action to enforce' the public policy at issue.") (quoting Carter v. Dist. of Columbia, 980 A.2d 1217, 1225–26 (D.C. 2009)); see also Kassem v. Washington Hosp. Ctr., 513 F.3d 251, 254 (D.C. Cir. 2008) ("[T]he D.C. Court of Appeals held the exception unavailable 'where the very statute creating the relied-upon public policy already contains a specific and significant remedy for the party aggrieved by its violation'") (quoting Nolting v. Nat'l Capital Grp., Inc., 621 A.2d 1387, 1390 (D.C. 1993)).

Courts in this district have applied this principle in a variety of circumstances. E.g., LeFande, 864 F. Supp. 2d at 50–51 (First Amendment rights were already protected under 42 U.S.C. § 1983); Hicks v. Assoc. of Am. Med. Colls., 503 F. Supp. 2d 48, 55 (D.D.C. 2007) (remedies under Fair Labor Standards Act and D.C. Minimum Wage Act preclude application of wrongful discharge in violation of public policy); Carter, 980 A.2d at 1225–26 (rejecting public-policy exception where District's Whistleblower Protection Act already provides an employee with cause of action).

The policy that Plaintiff seeks to uphold here is protection for those who expose fraudulent billing and false claims against the Government. Defendants correctly point out, however, that both the federal and local FCA statutes contain a remedy for such retaliation; indeed, Plaintiff herself has invoked those in Counts I and II of her Complaint. As other courts in this district have held in false-claims cases, this means she is out of luck in trying to tack on a redundant count. See U.S. *ex rel.* Hood v. Satory Glob., Inc., 946 F. Supp. 2d 69, 89 (D.D.C. 2013) (dismissing wrongful-discharge count where plaintiff had FCA remedy); Elemary v. Philipp Holzmann, A.G., 533 F. Supp. 2d 116, 136 (D.D.C. 2008) ("Because [a suit under 31 U.S.C. § 3730(h)] lies open to her, Elemary may not invoke the public policy exception to the at-will employment doctrine.") (citation omitted).

Brown offers little in the way of rebuttal, relying principally on a Virginia case that does not even address D.C.'s public-policy exception. See ECF No. 28 (Pl. Opp. to MTD) at 28. Indeed, she concedes that "the FCA contains its own statutory remedy, such that the FCA alone could not serve as the underlying basis for a public policy discharge claim." Id. at 30. Yet she follows that with a *non sequitur*: "Brown's claims are based not in a statute with whistleblower remedies, but in D.C. and federal statutes that contain no whistleblower provisions or remedies." Id. The Court is unclear what argument Plaintiff is making here; whether the two FCAs do or do not contain whistleblower provisions is irrelevant since they do provide for retaliation claims, which is precisely what Brown asserts here.

## IV. Conclusion

The Court, accordingly, will permit Plaintiff to file a Second Amended Complaint with Counts I and II as amended only. An accompanying Order will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 29, 2021